NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN M. BRIBIESCA, M.D., C.C.P, <br><br>       Plaintiff-Appellant, <br><br>   v. <br><br> PROCOPIO, CORY, HARGREAVES, AND SAVITCH, LLP, a professional corporation; et al., <br><br>       Defendants-Appellees. | No. 17-55098 <br><br> D.C. No. 3:16-cv-01225-BEN-AGS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Juan M. Bribiesca, M.D., C.C.P, appeals pro se from the district court's

judgment in his action alleging federal claims arising from his state court

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court's dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Bribiesca's action as barred by the *Rooker-Feldman* doctrine because Bribiesca's action is a "de facto appeal" of a prior state court judgment, in which he raises issues that are "inextricably intertwined" with that judgment. *See Cooper v. Ramos*, 704 F.3d 722, 782 (9th Cir. 2012) (concluding that plaintiff's claim for conspiracy in the state court proceeding was "inextricably intertwined" with the state court's decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (explaining that *Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"). Contrary to Bribiesca's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply because Bribiesca did not allege facts showing that any adverse party prevented him from presenting his claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004) (*Rooker-Feldman* doctrine does not apply if extrinsic fraud prevented a party from presenting his claim in state court).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**